Charles F. WILLIS, Jr., Plaintiff-Appellant,

v.

Dr. Irving R. RUTKIN et al., Defendants-Appellees.

No. 73–1501

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 11, 1973.

G. Kenneth Kemper, Miami Shores, Fla., Cleveland D. Miller, Robert E. Scott, Jr., Baltimore, Md., for plaintiff-appellant.

Murray Sams, Jr., Miami, Fla., for Rutkin, Yates and Bell.

Roger A. Bridges, Francis W. Sams, Alan R. Schwartz, Miami, Fla., for Aircraft, Greyhound and Continental.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

This case arose out of a stock transaction in which the owners of Aircraft Services International, Inc. (ASI) sold the company to the Greyhound Corporation. Appellant Willis, one of ASI's owners, brought this suit to enforce an alleged agreement he claims to have made with the company's other owners prior to the sale. At trial Willis contended and presented evidence to the effect that he agreed to a reduction of ten percent in the amount of stock he held only upon condition that the value of the interest given up would be repaid to him by the other owners after the sale was consummated and the full amount of the proceeds from Greyhound received. After hearing all of the evidence the trial court concluded that under the agreement in question Willis accepted a reduction in his equity in ASI and that there was no agreement to repay him after the sale. It was found that Willis agreed to the reduction in order to provide an incentive to the other owners, who were to continue as operators of the company after the proposed sale, to exert their best efforts to maximize the proceeds from the sale which depended in large part on an increase in the com-

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

pany's earnings in the years immediately following the transfer of ownership. The trial court further found that this agreement was carried out and that under it the maximum payout possible from the sale to Greyhound was achieved. Having painstakingly reviewed the record and the contentions of the parties, we conclude that the findings of the trial court are not clearly erroneous and that appropriate legal conclusions were reached. Accordingly its judgment is affirmed.

Affirmed.